No. 13,033.

MRS. M. C. SEALY VS. J. M. COOK, IN RE HARVERT SEALY AND OTHERS, APPLYING FOR CERTIORARI OR WRIT OF REVIEW TO THE COURT OF APPEAL, FIRST CIRCUIT, STATE OF LOUISIANA.

SYLLABUS.

1. Plaintiff sold land to defendant. The price went to make up the amount of her paraphernal rights set forth in the act of restitution by her husband to her. The property conveyed by her husband to her in the act of restitution was received by the wife in part satisfaction of her paraphernal rights.
   HELD: The wife was without right to recover judgment for the land she sold to defendant.
   She was precluded from recovering by the fact that the act of restitution covered the price at least in part. She could not hold the property sold to her by her husband and recover property she transferred to defendant. She did not show error or fraud in matter of the restitution to her.
   The averments in the act of restitution were *prima facie* true and correct.
2. The Supreme Court, at the stage of the proceedings the question is presented, declined to make a decree enabling plaintiff to amend, in order that plaintiff may show error or marital coercion in matter of the restitution.

*W. A. Van Hock* for Relator; Respondent Judges for themselves.

*Graham & Pearce* for the other Respondents.

Submitted on briefs January 14, 1899.
Opinion handed down January 23, 1899.
Rehearing Refused March 20, 1899.

The opinion of the court was delivered by

BREAUX, J. The question for decision is, whether plaintiff was bound by her contract in transferring a tract of land to defendant.

It appears from the evidence, that plaintiff conveyed the land to the defendant, for the stated amount of three hundred and thirty-seven

50-100 dollars. The defendant, vendee of plaintiff, bound himself upon payment of the amount, to return the land to plaintiff. The 15th day of December, 1894, was fixed as the last day upon which plaintiff would have the right to redeem the property upon payment of the price. The plaintiff did not exercise her right of redemption. She, instead, sold it to her brother, who brought suit to eject the one in possession, who held under a lease of a date anterior to the date which the plaintiff was to redeem the property.

He recovered judgment, and while it was in process of execution, the defendant enjoined plaintiff's brother, to whom she had conveyed the property. In these proceedings defendant recovered judgment against plaintiff's transferee, upholding defendant's right of possession. The court, however, passed only upon the right to possession, and did not pass upon the question of ownership between plaintiff and defendant. The terms of that judgment were, that it was not to have any effect, as related to any right plaintiff might have.

Plaintiff, transferee, after the judgment had been rendered, transferred the property back to her. She then instituted this suit for the land.

Her contention is, that the loan was not effected for her separate use and benefit, but to the knowledge of defendant, to the use and benefit of her husband; that she signed the act of sale in error brought on by the fraud of defendant, who assured her, she alleged, that it was not a sale, but an act of mortgage.

The defendant in answer averred, that he had bought the land in good faith, and denied that he uttered a word or did anything to induce plaintiff to error.

He specially avers, "nothing was said by any one intending to mislead plaintiff; that she was an intelligent woman, and signed the act with the full knowledge of what it contained, after it had been read to her in the presence of witnesses."

He, also averred, that he did not know that the loan was intended for plaintiff's husband's use and benefit.

That the sale was made with the right of redemption, of which right, plaintiff had not availed herself, and in consequence, the property became his.

The Court of Appeals states in the opinion, a copy of which is before us, "there is nothing in the record that shows conclusively, that the defendant knew that the sale was made and intended to pay the

husband's debts; but the inferences are very strong, that the defendant was aware of the nature and character of the whole transaction." The court afterwards adds: "But under the view which we have taken of this case, we are not disposed to the conclusion that this fact materially militates against the rights of the defendant," and holds that plaintiff is absolutely concluded by the recitals contained in the *dation en paiement*, dated May 14, 1894, made by the husband of plaintiff to the plaintiff.

The Court of Appeals found as a fact, that on the 14th of May, 1894, the husband of plaintiff conveyed to his wife *en paiement*, property valued at one hundred and seventy dollars. The consideration set forth in the *dation en paiement* was an indebtedness due by him to her of six hundred and thirty-seven dollars, and this amount included the amount of three hundred and thirty-seven 50-100 dollars, price at which the land had been conveyed by plaintiff to defendant.

The wife thereby charged her husband with the price of the property, which she afterward sought to recover on the ground that the loan was made to her.

She used that claim to give effect to the act of conveyance of property, by her husband to her.

Here, the application states, that the *dation en paiement* was introduced in evidence over her counsel's objection, "that it was the act of her husband, and could not be taken as evidence against her."

Plaintiff in the application for a writ of *certiorari* avers, that the land is worth much more than the amount borrowed, at least twice more, and prays for a reversal of the judgment, or that it be remanded in order that plaintiff's husband may testify. At the time the suit was tried and decided, the husband could not testify (the wife having died since, and her heirs made parties plaintiff), as a witness, and he alone, it is urged, knows the true character of the transactions.

With reference to the value of the property, the court in its decision says:

"But the evidence tends to show, that the property is worth little, if any, more than the amount advanced by the defendant, and we are impressed with the idea, that it would not materially benefit the plaintiff to hold otherwise in this case. The only effect of such a decree would be to entail additional cost on the defendant of the seizure and sale of the property." The foregoing summary, we think, sets forth the substantial facts needful to our decision of the issues.

While the plaintiff was not absolutely concluded by her declarations contained in the act of *dation en paiement* made by her husband to her, having selected him for her creditor and having received a part of the amount, she has no standing in court to sue and set aside the act of sale she made to the defendant without having first established that she was in some way imposed upon when she signed the *dation en paiement.*

The Court of Appeals, in answer to the application of the plaintiff for a writ of *certiorari,* state, that in the absence of any charge of fraud or error practiced by the husband on the wife in making the *dation,* she was bound by the recitals in the act of *dation;* that she could not retain the property acquired by virtue of the *dation,* and at the same time in a proceeding against a third person, repudiate the consideration and recitals the *dation* contained and which was made its basis, in the absence of a charge and proof of fraud or error.

"There was nothing in the evidence to show that the defendant " knew that the consideration of the sale was for money to pay the " husband's debts. It was an ordinary sale, with the faculty of re- " demption, to secure the payment of loaned money." But in view of the conduct of the parties, and more particularly, the plaintiffs, the court held that the title of the nominal vendor had become completely divested." We held the wife bound by the recitals contained in the act of *dation en paiement,*" citing Lichtenstein & Co. vs. Schlencker & Hirsch, 44th Ann., 108; Chaffe vs. Schoen, 34th Ann., 688.

A wife may show to be untrue or erroneous the declarations of an authentic act to which she was a party.

She is not estopped by the averments of the act.

She must, however, in some way, attack the act. This plaintiff in this case has failed to do and it is is not reasonable to apply for a re- manding before this court and a decree setting aside the judgment of both the Circuit Court and the District Court, in order to enable the plaintiff to amend the pleading and raise issues which should have been raised in the first instance. We must, in cases arising here under Art. 101 of the Code, adhere especially to the rules of practice. The rule *nisi* in this case is discharged and plaintiff's application for a writ of *certiorari* is denied.